**PRINCIPAL MUTUAL LIFE INSURANCE COMPANY,**
Appellant,

v.

**BOARD OF REVIEW OF the CITY OF DES MOINES, Robert H. Knapp, Deedee Steger, Lewis Demarco, Lora Jorgensen, and Paul Holmgren, Appellees.**

No. 97–1114.

Supreme Court of Iowa.

July 8, 1999.

Steven P. Wandro and Sandra K. Lyons of Wandro & Gibson, P.C., Des Moines, for appellant.

William R. Stiles and Andrew B. Howie of Smith, Schneider, Stiles, Hudson, Serangeli, Mallaney & Shindler, P.C., Des Moines, for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

NEUMAN, Justice.

This is an appeal by Principal Mutual Life Insurance Company from a district court order affirming property tax assessments on the company's computer equipment. Because the assessor, as well as the district court, misapplied the governing statutory formula, we reverse and remand for a corrected assessment.

The controversy was submitted to the district court on stipulated facts. Principal owns a substantial number of computers subject to property tax assessment in the City of Des Moines. *See* Iowa Code § 427A.1(j) (1995) (computers taxed as real property). For tax years 1995 and 1996, the city assessor calculated the value of the equipment using a grid which tallied the sum of acquisition costs plus installation costs multiplied by a declining assessment percentage tied to the acquisition year. Thus for computers acquired in 1991, 1992, and 1993 the assessor multiplied the sum of the acquisition costs plus installation costs by thirty percent. For 1990 acquisitions, the assessment percentage was reduced to twenty percent, and for 1989 and prior years the assessment percentage was set at ten percent. Idle equipment was assessed at five percent of acquisition and installation cost. The assessor employed the grid method to achieve an across-the-board valuation for all the assessable equipment, believing this would represent a fair accounting of all property used together as a unit. Given the volume of computers being assessed, the assessor maintained it was impractical to calculate the fair market value of each item.

Using the method described, the assessor valued Principal's computer equipment at $21,960,363. Principal protested the assessment before the board of review. It claimed a fair market value could be established for each individual computer using valuation guides recognized and accepted in the industry. Moreover, the sum of these fair market values was less than the

aggregate sum calculated by the assessor on the basis of a declining annual percentage rate.

Relying on data gained from three computer publications and one computer company, Principal's expert identified a market value for every piece of equipment subject to assessment. In addition, the expert secured figures from IBM Corporation representing the additional installation and labor costs necessarily involved in a functioning network system. Using the sales approach, Principal claimed the total assessment on the property should be $18,638,369.

The board of review rejected Principal's valuation method, finding the comparable sales approach inapplicable when such a great number of computers is involved. Principal appealed to the district court. *See* Iowa Code § 441.38(1). That court affirmed the board's assessment, determining that the assessor's across-the-board valuation accurately represented the equipment's depreciated value and did not, in fact, result in a valuation exceeding the fair market value of the equipment as a whole. This appeal by Principal followed.

■ **I.** Our review of tax assessments is de novo. *Carlon Co. v. Board of Review,* 572 N.W.2d 146, 148 (Iowa 1997). We give weight to the district court's fact findings, especially with respect to witness credibility, but are not bound by them. *Id.* We are guided in our review by the statutory admonition that "there shall be no presumption as to the correctness of the valuation of assessment appealed from." Iowa Code § 441.39; *accord Carlon,* 572 N.W.2d at 148.

■ A taxpayer undertaking to challenge a tax assessment confirmed by the board of review assumes two burdens. First the taxpayer must demonstrate that the assessor's valuation is "excessive, inadequate, inequitable or capricious." *Carlon,* 572 N.W.2d at 150 (citing Iowa Code § 441.21(3)). Second, the taxpayer must furnish proof of the correct tax assessment. *Id.*

■ **II.** The parties' principal quarrel is over the assessor's claim that because of the sheer number of computers involved here, the fair market value of each individual item could not be readily determined. Thus it convinced the district court that its across-the-board depreciation formula captured the actual value of this used equipment operating as a unit, much in the same way this court upheld the valuation of machinery in a manufacturing plant in *Maytag Co. v. Partridge,* 210 N.W.2d 584, 591 (Iowa 1973).

Principal counters that *Maytag* is not controlling. We agree. The precise question of valuing computers used in a business—though on a much smaller scale—was recently addressed by this court in *Carlon.* There we held that permitting the assessor to use aggregate values would run counter to statutory prescription and the evident legislative goal of phasing out taxes on machinery and computers as an economic development tool. *Carlon,* 572 N.W.2d at 154–55.

Iowa Code section 427B.17 directs that property subject to special valuation, such as computers, shall be limited to thirty percent of net acquisition cost, meaning "the acquired cost of the property including all foundations and installation cost less any excess cost adjustment." Section 441.21(1)(g) states that actual value, for purposes of assessment, shall not exceed the property's fair and reasonable market value. Implementing these Code sections, Iowa Administrative Code rule 701–80.7(1) provides that "[c]omputers ... are to be assessed at 30 percent of the property's net acquisition cost through the 1998 assessment year...." If the actual depreciated fair market value of the taxpayer's property is less than the valuation determined by applying the percentage of net acquisition cost under section 427B.17, then the assessed value equals "the *actual* depreciated fair market value of the prop-

erty." Iowa Admin. Code r. 70–180.7(6) (emphasis added).

Interpreting these statutes together, this court held in *Carlon* that the assessor must

(1) value *each* item of machinery and computers at 30% of net acquisition cost and fair market value and (2) add together the lesser of each amount to arrive at a valuation for tax assessment purposes.

*Carlon,* 572 N.W.2d at 155. This is precisely the approach taken by Principal throughout these proceedings. The company tendered proof of individual depreciated market values for each item of equipment and compared these figures, item for item, against the thirty percent net acquisition cost. Importantly, the assessor offered no credible proof to counter the market values established by Principal's expert. The assessor merely rejected Principal's methodology.

Although the volume of equipment at issue here is substantially greater than in *Carlon,* we discern no reason to depart from *Carlon*'s principles just because the task of individual assessment is more burdensome. We hold it was error for the trial court to reject Principal's individualized calculations in favor of the simpler, but statutorily inadequate, formula utilized by the assessor. We therefore reverse the district court and remand for entry of a judgment reflecting a corrected assessment of $18,638,369.

**REVERSED AND REMANDED.**